UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA SIMLER | : NO.: 3:02CV01565 (JCH) |
| | : |
| v. | : |
| | : |
| EDWARD STRUZINSKY, BRANFORD | : |
| BOARD OF EDUCATION | : OCTOBER 27, 2003 |

**OBJECTION TO PLAINTIFF'S FIRST MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

The defendants, EDWARD STRUZINSKY AND BRANFORD BOARD OF EDUCATION, hereby respectfully object to the plaintiff's First Motion for Extension of Time To Respond To Defendants' First Set of Interrogatories and Requests for Production. In support of its objections, the defendants respectfully represent the following.

1. On October 17, 2003, the defendants served interrogatories and request for production on the plaintiff consisting of twenty (20) interrogatories and twelve (12) requests for production.

2. On October 22, 2003, the undersigned counsel received a call from the plaintiff's counsel office. The caller left a message requesting a sixty (60) day extension of time to respond to the defendants' interrogatories and requests for production.

3.  On October 22, 2003, the undersigned counsel returned the telephone call from the plaintiff's counsel office. The undersigned counsel left a message that he was returning the telephone call concerning the request for extension of time.

4.  To date, the undersigned counsel has not received any response to the message that was left on October 22, 2003.

5.  The Court's Ruling on the Report of Parties Planning requires that all discovery be completed by December 1, 2003, and that dispositive motions be filed by January 2, 2004.

The plaintiff has failed to comply with Local Rule 7(b). The plaintiff has not made a diligent effort to ascertain opposing counsel's position on the motion for extension of time. The plaintiff's counsel has made one telephone call which was returned by the undersigned counsel. The plaintiff's counsel has yet to return such telephone call or even write opposing counsel to ascertain the defendants' position to the motion for extension of time.

Furthermore, the plaintiff has not shown good cause as required by Local Rule 7(b). The plaintiff has not met the requirement of a "particulized showing that the time limitation in question cannot reasonably be met despite the diligence of the parties seeking the extension." The plaintiff does set forth in their motion that "counsel is in the process of ascertaining responses to such requests and needs the additional time to comply with the defendants' request." However, the motion for extension of time was filed on October 22, 2003. The interrogatories and requests for production are dated October 17, 2003. Clearly, the plaintiff has not met the burden of proof of

showing that despite her diligence that she cannot reasonably meet the time deadline to answer the first set of interrogatories and requests for production. Only five days had passed between the discovery request and motion for extension of time.

Finally, the Court's ruling on the report of the parties' planning required the plaintiff to provide damage analysis by September 1, 2003. As the plaintiff has failed to provide a damage analysis by September 1, 2003, the defendants have been unduly prejudiced by the plaintiff's failure and part of the discovery addresses the plaintiff's damages claim.

Wherefore, given the plaintiff's failure to comply with Local Rule 7(b) concerning diligence in responding to the interrogatories and requests for production as well as attempting to contact the opposing counsel, the plaintiff's motion for extension of time should be denied. Furthermore, given the Court's ruling concerning the completion of discovery on filing of motions for summary judgment, it is prejudicial and unreasonable request until January 20, 2004 to comply with the interrogatories and requests for production.

WHEREFORE, the defendants, EDWARD STRUZINSKY AND BRANFORD BOAD OF EDUCATION, respectfully request the Court sustain this objection to the plaintiff's motion for extension of time to respond to the defendants' first set of interrogatories and requests for production.

DEFENDANTS,
EDWARD STRUZINSKY, BRANFORD
BOARD OF EDUCATION

By /s/

David S. Monastersky
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
ct13319


**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U. S. mail to the following counsel of record this 27th day of October, 2003.

Norman A. Pattis, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Dawne Westbrook, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

David S. Monastersky