CR 01 00 92316S                    SUPERIOR COURT

STATE OF CONNECTICUT              J.D. STAMFORD/NORWALK


     V                          AT NORWALK


JOSEPH S. BURDEN                  JULY 8, 2003



BEFORE:

THE HONORABLE SUSAN S. REYNOLDS



APPEARANCES:

RICHARD COLANGELO, ESQ.
ASST. STATE'S ATTORNEY
For the State of Connecticut




ANDREW BOWMAN, ESQ.
For the defendant



                            Kathy Jordan Sgro
                            Court Recording Monitor

1      MR. COLANGELO:  Good morning, Your Honor.

2      THE COURT:  Good morning.

3      MR. COLANGELO:  This is the matter of State

4  versus Joseph Burden.  There are three files, and I'm

5  handing the sub info's to the clerk.

6      THE COURT:  Line 305, 306, and line 307.

7      MR. COLANGELO:  I'm handing you a copy of what

8  he is going to be pleading to.

9      THE COURT:  Thank you.

10     MR. BOWMAN:  Good morning, Your Honor.  Andrew

11 Bowman for Joseph Burden on all three files.

12     THE COURT:  Good morning, and this is Mr. Burden

13 with you?

14     MR. BOWMAN:  Yes.

15     THE COURT:  Thank you.

16     MR. COLANGELO:  May I put him to plea, Your

17 Honor.

18     THE COURT:  Yes, please.  Are all prior pleas

19 and elections withdrawn?

20     MR. BOWMAN:  Yes.

21     MR. COLANGELO:  Starting with docket number

22 CR 01 92437.  The state is proceeding by a substitute

23 information to the only count on that information,

24 Breach of Peace in the 2nd Degree, in violation of

25 53a 181 (a)(6).  How do you plead, sir?

26     THE DEFENDNAT:  No contest.

27     MR. COLANGELO:  This is a written plea of nolo

2

1     contendre, Your Honor

2         THE COURT:   Thank you.   Would you give it to the

3     clerk.   Madame Clerk, make sure that it's in proper

4     order.

5         THE CLERK:   It is, Your Honor.

6         MR. COLANGELO:   Docket number CR 01 92316, the

7     state is proceeding by a substitute information to

8     the new charge, Sexual Assault in the 4th Degree, in

9     violation of 53a 73a (a) (2).   Sir, how do you plead?

10        THE DEFENDANT:   No contest.

11        MR. COLANGELO:   Lastly, docket number

12    CR 01 92317.   The state is proceeding by substitute

13    information to the charge of Sexual Assault in the 4th

14    Degree, in violation of 53a 73a (a) (2), how do you

15    plead, sir?

16        THE DEFENDANT:   No contest.

17        THE COURT:   Thank you.   Factual basis, please.

18        MR. COLANGELO:   Starting with the Breach of

19    Peace, Your Honor, on January 4th, 2001 in Westport,

20    the defendant did place a female in a situation that

21    was physically offensive to her, in violation of the

22    statute.

23        In docket number ending in 316, in Westport on

24    February 20, 2001 the defendant, while performing a

25    massage on the female victim, did come in contact

26    without her consent, with her private parts in

27    violation of the statute.

1          Lastly, in docket number ending in 317, on

2     September 13th, 2000 in Westport, while performing a

3     massage, the defendant again did come in contact

4     without her consent with her private parts, her

5     vagina.

6          We have an agreed upon recommendation for you,

7     Your Honor.

8          THE COURT:  Yes.

9          MR. COLANGELO:  It's probably easier if I do the

10    sexual assaults first, Your Honor.  On each of the

11    sexual assaults, one year suspended, three years

12    probation.  They are to run consecutive to each

13    other, for a total sentence of two years suspended,

14    and three years probation.

15         On the Breach of Peace, three months suspended,

16    one year probation concurrent to the two sexual

17    assaults.

18         The total effective sentence is two years

19    suspended, three years probation.  Conditions of

20    probation pursuant to the statute:  Mr. Burden has to

21    register as a sex offender, and comply with all

22    registration requirements for a period of ten years.

23         Other conditions of probation, any and all

24    counseling and treatment as deemed appropriate by the

25    Office of Adult Probation.  It should include but not

26    limited to sex offender treatment, any psychological

27    counseling and treatment that they deem appropriate.

4

1       Mr. Burden is to give up his license to practice

2   massage in any state that he holds one.  I can tell

3   the court that he has given up his license in

4   Connecticut.  He presently holds a license in New

5   York.  Attorney Bowman assured me that his client

6   would be giving up that license, hopefully, before

7   he's sentenced.

8       The other condition that we spoke about, Your

9   Honor, is that during the period of probation, the

10  three years that he's on probation, the defendant is

11  not to practice massage therapy in any way, shape or

12  form during the period of probation.

13      The defendant, Your Honor, is going to have the

14  opportunity to argue to Judge Kavanewsky, who is

15  going to be doing the sentencing, as long as the

16  defendant doesn't object to Judge Kavanawesky, as he

17  presided over the defendant's first trial.

18      MR. BOWMAN:  We don't have that objection.

19      THE COURT:  You have no objection.  All right.

20      MR. COLANGELO:  The defendant is going to be

21  able to argue to Judge Kavanewsky that the

22  requirement that his registration be published not be

23  a requirement.  So, he's going to argue to not

24  publish his registration.

25      THE COURT:  The registration is not an argument,

26  just whether or not that registration should be

27  published.

1          MR. COLANGELO:  That's correct.

2          MR. BOWMAN:  Correct, Your Honor.  The statute

3     provides that a judge will determine whether or not

4     the fact of registration should be published to the

5     general public as distinguished from just the police.

6          THE COURT:  And we have control over that, I

7     assume.

8          MR. COLANGELO:  We do, Your Honor, pursuant to

9     the statute.

10         THE COURT:  All right.

11         MR. COLANGELO:  The sentencing date that we

12    agreed upon Your Honor, and I believe the defendant

13    is going to be asking for a PSI, and the state would

14    also like a PSI in this case, is September 11, at

15    2:00.

16         The sentencing will be here and I will take care

17    of notifying Judge Kavanewsky and making sure that

18    he's here and available that day to do the

19    sentencing.

20         THE COURT:  All right.

21         MR. COLANGELO:  Judge, for the record, I did

22    have an opportunity to speak to two of the three

23    victims.  One of their attorneys is here today, and

24    the other has been here and has had constant contact

25    with me in my office with respect to this case.

26         All of the victims that I have spoken to are in

27    agreement with this case.  The third victim gave us

1    no indication that she would object to the type of

2    sentence that we fashioned here.  Hence, the state is

3    comfortable going forward with this disposition.

4         THE COURT:  Does the attorney for the one victim

5    want to be heard?

6         MR. COLANGELO:  I don't believe anyone would

7    like to be heard now, Your Honor; they would like to

8    be heard at sentencing.

9         MS. EMMETT:  Yes, Your Honor; that is correct.

10   I'm Attorney Kathryn Emmett for one of the victims.

11        THE COURT:  Thank you.  Attorney Bowman, do you

12   want to be heard before the canvass?

13        MR. BOWMAN:  No, Your Honor.  We are prepared to

14   proceed to the advice of rights.

15        THE COURT:  All right.  Sir, have you had any

16   alcohol, medicine or drugs today?

17        THE DEFENDANT:  No, Your Honor.

18        THE COURT:  Do you understand everything that is

19   going on here today?

20        THE DEFENDANT:  Yes.

21        THE COURT:  Have you had an adequate time to

22   speak to your attorney about your mater?

23        THE DEFENDANT:  Yes.

24        THE COURT:  And has your attorney explained to

25   you the elements of each of these offenses, the

26   evidence the state has and the possible penalties

27   that you face on each file?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Counsel, have you had that

3    opportunity?

4          MR. BOWMAN:  I certainly have.

5          THE COURT:  Are you satisfied with the services

6    of your attorney?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Sir, do you understand that by

9    pleading nolo today in these files, what you are

10   saying is that you are not admitting, you're not

11   denying, but your not going to contest the state's

12   charges against you; do you understand that is what

13   you are saying?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And by doing that you have given up

16   your right to a trial by court or jury.  You've given

17   up your right to remain silent.  You've given up your

18   right to continue denying these offenses.  You've

19   given up your right to have the state bring in

20   witnesses and evidence and prove these offenses

21   against you beyond a reasonable doubt.

22         You've given up your right to confront and

23   cross-examine the state's witnesses and evidence.

24   Present a defense or testify in your own behalf if

25   you had wanted to.  You understand that you have just

26   given up all those rights?

27         THE DEFENDANT:  Yes.

1    THE COURT:  And do you understand that there is

2    not going to be a trial?

3    THE DEFENDANT:  Yes.

4    THE COURT:  Are you currently on probation,

5    parole, or conditional discharge?

6    THE DEFENDANT:  No.

7    THE COURT:  Do you understand that if you are

8    not a citizen of the U.S. conviction on these

9    offenses could result in deportation, denial of

10    naturalization, denial of admission, or exclusion

11    from the United States.

12    THE DEFENDANT;  Yes.

13    THE COURT:  Has anybody made any threats or

14    promises to you to get you to enter these pleas on

15    these files today?

16    THE DEFENDANT:  No.

17    THE COURT:  Are you doing this of your own free

18    will?

19    THE DEFENDANT:  Yes.

20    THE COURT:  Counsel, do you know of any reason

21    why I shouldn't accept your client's plea?

22    MR. BOWMAN:  No, Your Honor.

23    THE COURT:  Sir, do you understand the sentence

24    agreement that your attorney and the state's attorney

25    have arrived at?  You're going to have a total

26    effective sentence of two years in jail; execution of

27    that is suspended, and you are placed on three years

9

1        probation.  Do you understand that is your total

2        effective sentence on all three files?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Do you also understand that you are

5        going to have conditions placed on your probation;

6        that is that you are going to have to register as a

7        sex offender for the next ten years.

8                You are going to have to accept and cooperate

9        with counseling and treatment by the sole discretion

10       of probation which may include sex offender

11       treatment, psychiatric treatment and counseling,

12       whatever the discretion of probation dictates.  Do

13       you understand that?

14               THE DEFENDANT:  Yes.

15               THE COURT:  Do you also understand that you have

16       to turn in your masseuse license.  You've already

17       turned in Connecticut; you're going to be turning in

18       New York and any other state that you are holding a

19       license in for massage therapy.  Also, you've agreed

20       that you will not perform in any way, shape, or form

21       any massage therapy during the three-year period of

22       your probation.  Do you understand all of that?

23               THE DEFENDANT;  Yes.

24               THE COURT:  And you are retaining the right to

25       argue on the sentencing date that your registration

26       should not be published.

27               Is there anything else that you're relying on

1    beside what I've just explained to you?

2              THE DEFENDANT:  No.

3              THE COURT:  That is the total of your agreement

4    with the state?

5              THE DEFENDANT:  Yes.

6              THE COURT:  State, do you know of any reason why

7    I shouldn't accept the plea?

8              MR. COLANGELO:  No, Your Honor.

9              THE COURT:  Anything else, counsel?

10             MR. BOWMAN:  No, Your Honor.

11             THE COURT:  I will accept the plea.  I will make

12   a finding that all pleas are freely, voluntarily, and

13   intelligently made with the effective assistance of

14   counsel.  A factual basis exists to support the

15   pleas.

16             Therefore, on line 305, I find you guilty of

17   Sexual Assault in the 4th Degree in violation of 53a

18   73a (sub a) (sub 2).  Put this matter down for

19   sentencing on September 11th of `03 in accordance with

20   the agreement that has been put on the record.

21             On line 306, I find you guilty of Sexual Assault

22   in the 4th Degree in violation of 53a 73a (sub a) (sub

23   2).  I will put this down for sentencing on 9-11-03

24   in accordance with the sentencing agreement that has

25   been reached with counsel.

26             On line 307, to the substituted information, I

27   find you guilty of Breach of Peace in the 2nd Degree

1    in violation of 53a 181 (sub a) (sub 6).  I'll put

2    this down for sentencing on 9-11.  All matters at

3    2:00; the victims will be heard at that time, if they

4    wish.  Anything else that I have to do, counsel?

5              MR. COLANGELO:  No, Your Honor.

6              THE COURT:  Counsel, for you?

7              MR. BOWMAN:  No, Your Honor.

8              THE COURT:  All right.  We'll see you 9-11.

9                        *   *   *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CR 01 0092316 S                    SUPERIOR COURT

STATE OF CONNECTICUT               STAMFORD/NORWALK

V                                  AT NORWALK

JOSEPH BURDEN                       JULY 8, 2003

C E R T I F I C A T I O N

I, Kathy Jordan Sgro, Court Monitor for the

Judicial District of Stamford/Norwalk, at

Norwalk, Connecticut, do hereby certify that the

above and foregoing is a true and accurate

transcription of the voice recording of the

proceedings heard before Honorable Susan S. Reynolds,

Judge of the Superior Court on the 8th day of July

2003.  Dated this 30th day of July 2003.

Kathy Jordan Sgro
Court Monitor

CR 01 00 92316S                    SUPERIOR COURT

STATE OF CONNECTICUT              J.D. STAMFORD/NORWALK

          V                       AT NORWALK

JOSEPH S. BURDEN                  SEPTEMBER 11, 2003


BEFORE:

The Honorable John F. Kavanewsky


APPEARANCES:

RICHARD COLANGELO, ESQ.
Assistant State's Attorney
For the State of Connecticut


ANDREW BOWMAN, ESQ.
For the Defendant,


                              Kathy Jordan Sgro
                              Court Recording Monitor

1

1        THE COURT:  Mr. Colangelo, call the case.

2        THE STATE:  Your Honor, this is the matter of

3    the State of Connecticut versus Joseph Burden.   It

4    appears on three files, Judge, CR 01 92316, CR 92317,

5    and CR 92437.

6        THE COURT:  Is the State ready to proceed?

7        THE STATE:  Yes, Your Honor.

8        THE COURT:  Is defense ready to proceed?

9        MR. BOWMAN:  Yes, Your Honor.

10        THE COURT:  All right.  A PSI was ordered on

11    pleas before Judge Reynolds, I believe.

12        THE STATE:  That is correct.

13        MR. BOWMAN:  Yes, Your Honor.

14        THE COURT:  Back on July 8th, sentencing was

15    reserved for me for today.  I have a presentence

16    report; I'll hear the State of Connecticut, and I'll

17    hear the defendant.

18        Before I do, the court will note that, I

19    believe, the court did receive in Stamford fax

20    transmissions.  One from the Sexual Assault Crisis

21    and Education Center.  The second from the

22    Connecticut Sexual Crisis Services.  I would say, and

23    I don't know whether representatives from that

24    organizations are here today, but while

25    communications with the court are permitted, they are

26    permitted under certain circumstances.

27        There are many communications that are ex parte.

1          The court cannot typically consider ex parte

2          communications.  So, in that vein I turn these over

3          to the state.  My understanding is that Mr. Bowman

4          has seen them.

5              THE STATE:  Yes, Your Honor.  He's been provided

6          the information.

7              THE COURT:  Neither party objects to my

8          reviewing them, and in that vein I will.  In the

9          future, if there are any such communications from

10         outside parties, they should follow the usual

11         protocol which is either through the prosecutor's

12         office or through the Department of Adult Probation.

13         That being said I'm ready to hear the state.

14             THE STATE:  Your Honor, Mr. Burden pled guilty

15         on a previous date and you have the PSI of --

16             MR. BOWMAN:  He pled nolo contendre.

17             THE STATE:  He pled no contest, I'm sorry.  He

18         pled to three different count.  Two counts of Sexual

19         assault in the 4th Degree, and one count of Breach of

20         Peace.  The agreed upon recommendation, Your Honor,

21         was that he would serve a total effective sentence of

22         two years suspended and three years probation with

23         conditions.

24             The conditions that we discussed and placed on

25         the record at the time that he was canvassed were:

26         one, that he would have to comply with any counseling

27         and treatment if deemed appropriate by probation.

3

1          This would include but not limited to any

2     psychological, any drug, alcohol, sex offender,

3     whatever probation deemed appropriate for him, he has

4     to comply with treatment wise.

5          Two, that he obviously registers as a sex

6     offender for ten years and comply with those

7     registration requirements.

8          Three, that he turn in any licenses that he

9     holds for massage therapy.  At the time that he was

10     canvassed he turned his license into the State of

11     Connecticut or that license was revoked, I should

12     say.  He still held a valid license in New York.  He

13     was supposed to have that turned in by today.

14     Attorney Bowman has represented to me that he has

15     done that and turned in his license in New York.

16     That was another condition that we had discussed.

17          We also discussed the fact that during the

18     course of his probation even though he wasn't

19     licensed he's not to practice massage therapy in any

20     setting.  Be it personal in someone's home, in a spa

21     setting, whatever it may be he is not to practice

22     massage therapy.  Those were the conditions that we

23     addressed and the defendant was canvassed on.

24          The issues that were left open for Your Honor to

25     decide was whether pursuant to the statute the fact

26     that Mr. Burden is registering as a sex offender

27     whether you would allow that to be disseminated to

4

1    the public or not, pursuant to 54 255.  So, that is

2    one issue.

3         Another issue that probation raised in the

4    PSI was the condition of unpaid or unreimbursed

5    medical expenses by any of the victims.  I received

6    an addendum to the PSI and it indicated how much

7    money one of the victim's is out.  The other victims

8    didn't address that.  It wasn't an condition that we

9    did address, Your Honor, but I am submitting it to

10   you for decision, if you will.  That's the agreement

11   as I recall it.  I don't know if Attorney Bowman

12   wants to add anything before the victims address you.

13        MR. BOWMAN:  Your Honor, Mr. Burden has

14   obviously surrendered his licenses and his financial

15   resources are extremely limited.  I would urge the

16   court not to impose the reimbursement of these

17   expenses as a condition of probation.

18        If Your Honor felt that the defendant should

19   submit financial information on a regular basis that

20   would certainly seem to be reasonable, but I don't

21   want him to be setup for an immediate fall here if he

22   can't pay these expenses.

23        I should also add that the complaining witnesses

24   have lawsuits pending against him.  There is an

25   insurance company that has hired defense firms to

26   defend these cases.  What the ultimate outcome will

27   be I cannot represent to the court, but certainly

5

1        they can pursue that avenue, and I'm sure that they

2        are going to.  I should also add that I have filed a

3        motion with the court to limit dissemination of the

4        sex registration that --

5             THE COURT:  I'm going to allow you to be heard

6        on that motion when you make your remarks.  If the

7        state feels the need to make a rebuttal, I'll give

8        the state an opportunity to make that rebuttal.  I

9        will now hear from the state.

10            MR. COLANGELO:  Thank you, Your Honor.  At this

11       time, Your Honor, the victims would like to address

12       you.  If I could have them come up one at a time to

13       address you.

14            THE COURT:  One at a time I think would be

15       appropriate.  Ma'am, obviously for victim

16       confidentiality reason I am not going to ask you for

17       your name and address as I typically do.  However,

18       Mr. Colangelo, in what case for the record can you

19       indicate that this victim is in?

20            MR. COLANGELO:  Going through the PSI, Your

21       Honor, the second victim impact statement would be

22       from --

23            THE COURT:  Would you give me the last three

24       digits of the docket number because I've read the PSI

25       and there are victim statements.

26            MR. COLANGELO:  317.

27            THE COURT:  I have that.  All right, Ma'am take

6

1       your time and I'll hear from you.  If you're more

2       comfortable sitting you can sit.

3              MR. COLANGELO:  I'm fine; thank you, sir.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1    F I R S T   V I C T I M   S T A T E M E N T

2        On September 13, 2003 it will be three years

3    since Joseph Burden assaulted me at Derma Clinic in

4    Westport, Connecticut.  The impact that it has had in

5    my life has been enormous, and the emotional pain

6    that I have suffered has been extremely difficult.

7        To express in words the pain and torment that I

8    have suffered is probably one of the hardest things

9    that I have had to do.

10       However, during the time Joseph Burden was

11   arrested I wrote a poem about what happened to me as

12   a way to help myself overcome the pain I was feeling.

13   I would like to read this poem for the court now, as

14   I feel it best conveys what I went through.  It's

15   titled: My Voice.

16       You thought you'd won.  You held me captive with

17   no ropes; you shot me with no gun.  My body became

18   your playground and I had nowhere to run.

19       I wanted to scream, but you stole my voice.  I

20   wanted to cry, but you stole my tears.

21       My most precious private part became stained

22   with your filth, and as I lay crying in my bathtub

23   with hot water flowing, I tried to wash it off, but

24   it just seemed to be growing.

25       I hated myself as other did too, and felt dirty

26   and cheap as I'm sure you knew.  You thought I'd

27   crawl away and leave you to your cruel perversion,

8

1    and let you inflict wounds so deep so that no one can

2    see but those who carry them, and feel their sting.

3         Time broke me free of those ropes and gave me

4    back my voice.  It washed the filth away and gave me

5    a choice.  It is you who is captive; it is you who

6    has no choice.  For in abusing a woman's most

7    precious gift you have lost your voice.

8                      ****

9       THE WITNESS:  I hope this expresses to the court

10    what I, and I'm sure other victims of Joseph Burden

11    have felt.  I am a strong woman and I will overcome

12    whatever I am faced with and continue to have a

13    productive life because that is who I am and that is

14    who I want to be.

15         However, please do not assume that the strength

16    I carry inside of me in any way diminishes the pain I

17    have felt and the battle I have had to fight.

18         This will never go away; I will move on, but

19    there will always be something that brings it back.

20    Whenever I hear the word sexual assault or the word

21    massage or the word spa it comes back.

22         Whenever I see the small water features that

23    many people have these days it comes back, because he

24    had one in the room.  There is always something to

25    remind me and just like a bee stings me.

26         One of the worst things that I have been left

27    with is fear.  I consider myself a person who likes