FILED

2003 DEC -3 P 5: 08

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA SIMLER | : NO.: 3:02CV01565 (JCD) |
| v. | : |
| EDWARD STRUZINSKY, BRANFORD BOARD OF EDUCATION | : OCTOBER 27, 2003 |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

1. As to paragraphs 1, 2, 3, 9, 10 and 14, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to her burden of proof.

2. That portion of paragraph 4 which states: "Edward Struzinsky was at all times relevant to this Complaint the Chairman of the Branford Board of Education." is admitted. As to the remainder of paragraph 4, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to her burden of proof.

3. Paragraphs 5, 11, 13, 15, 16 and 17 are denied.

4. That portion of paragraph 6 which states: "During the 1998/1999 academic year, the board determined that it would offer retirement incentives to teachers in the Branford School system as a means of reducing costs. Consistent with that objective, the board offered teachers meeting certain criterion the opportunity to take advantage of a retirement vehicle known as the Early Ohio Retirement Plan." is

admitted. That portion of paragraph 6 which states: "The plaintiff was among those teachers possessing the necessary criterion to be eligible to participate in this plan," is denied. That portion of paragraph 6 which states: "...she made application to the plan." is admitted.

5.    Paragraphs 7 and 12 are admitted.

6.    That portion of paragraph 8 which states: "The plaintiff protested her exclusion from the plan, and made the board aware that she possessed all the relevant and necessary qualifications to participate in the plan." is admitted. The remainder of paragraph 8 is denied.

## BY WAY OF AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of governmental immunity pursuant to common law and Connecticut General Statutes §52-557n.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of legislative immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants' actions are protected by the First Amendment.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of qualified immunity since the action and conduct complained of were objectively reasonable under the circumstances of which the defendants were aware at the time.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of qualified immunity as the applicable law was not sufficiently well-established at the time of the actions complained of to provide notice to a reasonable official of any constitutional deprivation resulting therefrom.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff fails to state a claim for which relief may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff failed to exhaust her administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the Volunteer Protection Act of 1997.

**TENTH AFFIRMATIVE DEFENSE**

The defendants are entitled to the privilege of fair comment in that such privilege applies to expressions of opinion.

**ELEVENTH AFFIRMATIVE DEFENSE**

The defendants are are entitled to the conditional privilege to which all citizens are entitled when engaged in matters of public interest.

## TWELVETH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of waiver and release.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of accord and satisfaction.

DEFENDANTS,
EDWARD STRUZINSKY, BRANFORD
BOARD OF EDUCATION

By_____
David S. Monastersky
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
ct13319

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. First Class Mail, to the following counsel of record this 27th day of October, 2003.

Norman A. Pattis, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

Dawne Westbrook, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

David S. Monastersky