UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA SIMLER					:
						:
v.						:	NO. 3:02CV01565(JCH)
						:
EDWARD STRUZINSKY,			:
BRANFORD BOARD OF EDUCATION	:	FEBRUARY 25, 2004

## PLAINTIFF'S RULE 56(a)2 STATEMENT OF MATERIAL FACTS IN DISPUTE

**A. Plaintiff's Response to Defendants' Statements of Material Facts Not in Dispute**

1. - 22.	Agree.

23.	Disagree. The Notice incorrectly inferred that state law permitted the Board to set criteria for participation based upon years of service in a particular town or school district. The statute refers only to "such members in its employ on the first day of January of such year." Ex. 8

24.- 26.	Agree.

27.	Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. Ex. 8, C. G. S. §10-183jj(c), Ex. 12 Affidavit of Plaintiff.

28.-29.	Agree.

30.	Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. Ex. 8, C. G. S. §10-183jj(c)

| | |
|---|---|
| 31. | Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. C. G. S. §10-183jj(c) |
| 32. | Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. C. G. S. §10-183jj(c) |
| 33. | Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. C. G. S. §10-183jj(c) |
| 34. | Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. C. G. S. §10-183jj(c) |
| 35. | Disagree. In defining the program, the defendants were required to limit the number of members to specified percentage of such members in its employ on January 1, 1999 pursuant to Connecticut statutes, and they failed to do this. C. G. S. §10-183jj(c) |
| 36. | Disagree. Smotas referred only to the plaintiff's years of experience in Branford and not her total years of service. |
| 36.-51. | Agree. |
| 52. | Agree. |
| 53. | Agree. |

| | |
|---|---|
| 54. | Disagree. The plaintiff is waiting for the results of the inquiry by William Sudol, Administrator of the Connecticut Teacher's Retirement System. Ex. 4 |
| 55. | Disagree. The plaintiff is waiting for the results of the inquiry by William Sudol, Administrator of the ConnecticutTeacher's Retirement System. Ex. 4 |
| 56.-61. | Agree. |
| 62. | Object. This statement calls for a conclusion concerning hearsay evidence which is not admissible. |
| 63.-65. | Agree. |
| 66. | Disagree. The plaintiff received a copy of the defendants' Request to revoke her teaching certificate. The plaintiff knows that the defendants took this action within weeks after she challenged her exclusion from the "Ohio Plan".  Ex. 6 |
| 67.69. | Agree. |
| 70. | Disagree. The plaintiff received a copy of the defendants' request to revoke her teaching certificate. The plaintiff knows that the defendants took this action within weeks after she challenged her exclusion from the "Ohio Plan". Defendant Struzinsky submitted the Request to Revoke. Ex. 6 |
| 71. | Agree. |
| 72. | Object.  Substance of Adm. Proceedings and results are not Admissible evidence |
| 73. -76. | Agree |
| 77. | Agree. |
| 78.- 83. | Agree. |

84. Agree.

85. Agree.

86.-106 Object. The substance of administrative proceedings and results are not admissible evidence.

**B.  Material Facts in Dispute**

1. The defendants sought to revoke the plaintiff's license shortly after she notified them that she would use all available legal remedies to dispute their decision to exclude her from the Ohio Plan (early retirement incentive).Ex. 5, Ex. 6, Ex. 12.

2. The defendants failed to follow state law and never adopted a percentage of employees who were eligible for the Ohio Plan. Ex. 5, Ex. 11.

3. The plaintiff was qualified to obtain the benefits of the Ohio Plan and she was intentionally excluded because of the pending criminal charge. Ex. 2, Ex. 5, Ex. 12.

4. The defendants have never requested the state to revoke the license of any other similarly situated employee, that is, an individual with an arrest which was unrelated to a student or school property, prior to a conviction. Ex. 7.

THE PLAINTIFF

_____
KATRENA ENGSTROM
Fed. Bar No. Ct09444
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
Her Attorney

## CERTIFICATION

A copy of the foregoing was mailed, first class to the following counsel on the date set forth above:

John J. Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT  06114

_____
KATRENA ENGSTROM