UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA SIMLER,<br><br>                    *Plaintiff,*<br><br>v.<br><br>EDWARD STRUZINSKY and BRANFORD<br>BOARD OF EDUCATION<br><br>                    *Defendant*s. | Civil Action No.<br><br>3:02 CV 01565 (JCH)<br><br><br><br><br>MARCH 10, 2004 |

### REPLY TO PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO SUMMARY JUDGMENT

The plaintiff's memorandum of law in opposition demonstrates that this lawsuit has become a civil action in search of a theory. Not content to spell out her theory in her complaint, in her responses to written discovery, or at her deposition, the plaintiff has called forth more smoke and added more mirrors, including a self-serving affidavit and improper responses to the defendants Rule 56(a)(1) statement – all in an effort to escape summary judgment. The plaintiff's efforts, while imaginative, are ultimately futile.

Before analyzing and rejecting the plaintiff's arguments in opposition, it is important to observe Simler's concessions by her failure to address on brief a number of the defendants' arguments in opposition. First, Simler concedes by her failure to respond that the defendants have a First Amendment privilege to speak on matters of public concern, such as requesting a revocation of her teaching certificate. Def. Mem. Law at 28-9. Second, Simler does not even address the defendants' argument that the request to revoke was part and parcel of the defendants' testimony before the State of Connecticut Board of Education, a quasi judicial panel, and that such testimony was protected by an absolute privilege. Def. Mem. Law. at 29. The plaintiff dopes not even

pay lip service to the holding of the Connecticut Supreme Court that the request to revoke and all testimony given or evidence submitted in support of such a request is protected by an absolute privilege. Kelley v. Bonney, 221 Conn. 549 (1992). Third, Simler does not address the release and settlement agreement she executed. Def. Mem. Law. at 30. This omission is telling. The express language of the release bars her claims for participation in the Ohio Plan. She does not bother to offer an explanation.

In three sentences on page 6 of her brief, bereft of citation to any legal authority, the plaintiff claims she "has met the requirements of the statute of limitations for civil rights actions." She offers nothing – on brief or elsewhere – that properly contests the undisputed facts that (1) Simler had notice of the Ohio Plan on or about March 24, 1999. Defs. L.R. Statement, 18; (2) The Board of Education approved the Plan to include 16 most senior individuals on June 1, 1999. Defs. L.R. Statement, 29. (3) Simler knew she was not approved to participate in the Plan because she did not meet the Plan requirements on June 2, 1999. Defs. L.R. Statement, 36; and (4) Simler commenced this action on September 4, 2002, more than three (3) years after being denied participation in the Plan. Defs. L.R. Statement, 2. Accordingly, any claim by Simler concerning participation in the Plan or being excluded there from, is barred by the applicable statute of limitations set forth in Conn. Gen. Stat. §52-577. Orticelli v. Powers, 197 Conn. 9, 16, 495 A.2d 1023 (1985); Lounsbury v. Jeffries, 25 F.3d, 131, 134 (2d Cir. 1994).

Similer appears to argue that the lack of a final decision from some other governmental body – the State Board of Education – somehow tolls the statute. Thus, Simler argues that her efforts to exhaust her administrative remedies toll the statute. Not only has she failed to identify any legal authority to support this proposition, Simler (and her counsel) would be the first to point out that exhaustion is not a prerequisite to bringing an action under Section 1983. Patsy v. Florida Board of Regents, 457 U.S. 496, 500-2 (1982). Accordingly, it makes no sense that exhaustion could be used to toll the statute of limitations when it is not a bar to bringing such an action in the first instance. This frivolous argument must be rejected.

Turning to the plaintiff's arguments concerning her substantive due process claims, Simler does not address that she does not have a unilateral expectation in the claimed retirement benefits and ignores the defendants' arguments in this regard. *See* Def. Mem. Law. at 11-12. Additionally, Simler does not distinguish between the Branford Board of Education and the State of Connecticut Board of Education, the actual revoking authority. Her citation to Exhibit 9, copy of certain regulations is puzzling. It does not appear to support her argument. Simler's argument about intent a page 8 of her brief should be rejected. Although she had the opportunity, it is undisputed that Simler did not conduct any written discovery and failed to depose Struzinsky or any member of the Board of Education.

At page 8 of her brief, Simler has raised a claim of "retaliation." This claim appears for the first time on brief. It is not mentioned in her complaint or anywhere else in the pleadings. Simler, on brief, has transformed her complaint which only alleged violations of her due process rights, procedural and substantive, and her equal protection rights, into some sort of employment related tort. It cannot be based on the First Amendment because she has not pled such a theory. It cannot be based on any other federal statute because none are pled. Is she claiming retaliatory discharge? She cannot, she resigned. What protected activity? There can be none. These questions – all unanswered by Simler – do not even address the fact that the case cited in support of this claim – Cifra v. General Electric Co., 252 F.3d 205 (2d Cir. 2001) has nothing to do with the claims asserted by SImler. In Cifra, the plaintiff sued under Title VII, 42 U.S.C. § 2000e, *et seq.* and not under any constitutional theory. It is undisputed that no such claim forms any part of the plaintiff's complaint. Even if the allegations appeared in her complaint via invisible ink, the plaintiff cannot demonstrate compliance with Title VII exhaustion requirements – a failure to comply dooms her claim. National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002)

Simler's arguments in support of her Equal Protection claims are strange. Simler does not properly establish an essential element of her "class of one" claim - that the plaintiff was **treated differently from all others similarly situated**.   *See* Willowbrook,

528 U.S. at 564; Jackson v. Burke, 256 F.3d 93, 96-97 (2nd Cir. 2001); Giordano, 274 F.3d at 750-51; and Harlen, 273 F.3d at 499. When plaintiffs seek to draw inferences of discrimination by showing that they were "similarly situated in all material respects" to the individuals to whom they compare themselves, Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997), their circumstances need not be identical, but there should be a reasonably close resemblance of facts and circumstances. Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000); *see also* McGuinness v. Lincoln Hall, 2001 WL 993572 (2d Cir. 2001). What is key is that they be similar in significant respects. Id. *Accord*, Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2nd Cir. 2001). Through Exhibit 7, Simler seeks to compare herself to all teachers in the State of Connecticut. While this argument might be better placed in a Equal Protection claim against the State of Connecticut, what happens in other school systems has no relevance as to what occurs in the Town of Branford and the Branford Board of Education.

In opposition to the defendants' assertion of legislative and qualified immunity, Simler mixes arguments against both in the same section and fundamentally misunderstands the objectively reasonable component of qualified immunity. The defendants' arguments bear repeating: With regard to the participation in the Ohio Plan, Chairman Struzinsky's actions were the epitome of objectively reasonableness. Higher education spending is often only accomplished by raising taxes. Budgets are passed for a reason – prevent spending beyond some set amount. Undoubtedly, Chairman Struzinsky's decision to vote to limit the Plan to the 16 most senior participants based on financial considerations is objectively reasonable as a matter of law. The "percentage" red herring floated by the plaintiff is a non-issue. If the defendants did not convert a fraction, consisting of a numerator and a denominator, into a numerical form that included a percent symbol – "%" – does not create a problem of constitutional magnitude.

Given the public policy of protecting our schoolchildren, , a casual examination of the internal investigation into Simler (Exhibit B, Att. 1), demonstrates Chairman

Struzinsky had ample reason to request that Simler's teaching certificate be revoked. Simler was accused of a brutal assault on an ex-boyfriend with a hammer and she fled from the crime. These events followed a suspicious fire which endangered the same ex-boyfriend that the evidence suggests was started by Simler. If Chairman Struzinsky's request for revocation is not objectively reasonable as a matter of law, no person will ever aspire to public office. Any finding other than objective reasonableness for Struzinsky's conduct is more than tacit approval that teachers should not be held to higher standards as examples for our impressionable youth. Indeed, the State of Connecticut Board of Education has twice voted to revoke Simler's teaching certificate, further evidences the reasonableness of Chairman Struzinsky's actions.

      WHEREFORE, the defendants pray that their Motion for Summary Judgment is granted.

                                        THE DEFENDANTS,
                                        EDWARD STRUZINSKY and
                                        BRANFORD BOARD OF EDUCATION

                                        <u>/s/ John J. Radshaw, III</u>
                                        John J. Radshaw, III, ct19882
                                        HOWD & LUDORF
                                        65 Wethersfield Avenue
                                        Hartford, CT  06114
                                        (860) 249-1361
                                        (860) 249-7665 (fax)

- 6 -

## **CERTIFICATION**

I hereby certify that on March 10, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Norman A. Pattis, Esquire
Christy Doyle, Esquire
WILLIAMS & PATTIS, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III
